**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** VIRGIN AMERICA, INC., a Delaware
*(AVISO AL DEMANDADO):* Corporation; ALASKA AIRLINES, INC., an Alaska Corporation; and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:** DONNA DUGO, an individual;
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/28/2018** at 02:01:39 PM

Clerk of the Superior Court
By Clarissa Bustamante, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Orange
700 Civic Center Drive West
Santa Ana, California 92701

CASE NUMBER:
*(Número del Caso):*

30-2018-01022173-CU-CR-CJC

Judge Gregory H. Lewis

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Joseph R. Manning Jr
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Manning Law, APC
4667 MACARTHUR BLVD STE 150, Suite 150, NEWPORT BEACH, CA 92660-8860   949-200-8755

DATE: 09/28/2018    DAVID H. YAMASAKI, Clerk of the Court    Clerk, by _____, Deputy
*(Fecha)*                                                     *(Secretario)*                    *(Adjunto)*

Clarissa Bustamante

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Alaska Airlines, Inc
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☒ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
Westlaw Doc & Form Builder

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joseph R. Manning Jr       SBN: 223381<br>Manning Law, APC<br>4667 MACARTHUR BLVD STE 150, Suite 150, NEWPORT BEACH,<br>TELEPHONE NO.: 949-200-8755   FAX NO.: 866-843-8308<br>ATTORNEY FOR (Name): Donna Dugo | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**09/28/2018** at 02:01:39 PM<br>Clerk of the Superior Court<br>By Clarissa Bustamante,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME: Donna Dugo v. Virgin America, Inc., et al.

| CIVIL CASE COVER SHEET<br>[X] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>30-2018-01022173-CU-CR-CJC<br><br>JUDGE: Judge Gregory H. Lewis<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[X] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action (specify): 1: ONE
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 09/28/2018

Joseph R. Manning Jr
(TYPE OR PRINT NAME)                                      ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder– |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
 Auto (22)–Personal Injury/Property Damage/Wrongful Death
 Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
 Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
 Product Liability *(not asbestos or toxic/environmental)* (24)
 Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
 Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business Practice (07)
 Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
 Other Non-PI/PD/WD Tort (35)

**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
 Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
 Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
 Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
 Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
 Eminent Domain/Inverse Condemnation (14)
 Wrongful Eviction (33)
 Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
 Antitrust/Trade Regulation (03)
 Construction Defect (10)
 Claims Involving Mass Tort (40)
 Securities Litigation (28)
 Environmental/Toxic Tort (30)
 Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
 Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
 RICO (27)
 Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
 Partnership and Corporate Governance (21)
 Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Tristan P. Jankowski, Esq. (State Bar No. 290301)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff DONNA DUGO

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
09/28/2018 at 02:01:39 PM
Clerk of the Superior Court
By Clarissa Bustamante, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF ORANGE

| | |
|---|---|
| DONNA DUGO, an individual<br><br>Plaintiff,<br><br>v.<br><br>VIRGIN AMERICA, INC., a Delaware Corporation; ALASKA AIRLINES, INC., an Alaska Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 30-2018-01022173-CU-CR-CJC<br><br>**COMPLAINT**<br><br>Judge Gregory H. Lewis |

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action. This Court has personal jurisdiction over Defendants because they conduct and continue to conduct substantial business in the State of California, County of Orange.

2. Venue is proper in this Court because Defendants conduct substantial business in this County. Venue is also proper because a substantial portion of the conduct complained of herein occurred in this District.

**COMPLAINT**

1

## PARTIES

1. Plaintiff is a resident of California. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, ambulating, sitting and grasping objects. As a result of these disabilities, Plaintiff relies upon a wheelchair and other devices for mobility. Consequently, Plaintiff is an individual with a disability as defined in all federal and state statutes under which her claims arise, including Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a); California Civil Code §§ 51, *et seq.*; California Civil Code §§ 54, 54.1 and 54.2 *et seq.*; California Civil Code §§ 1761 and 3345; and California Business & Professions Code § 17206.1.

2. Defendant Virgin America, Inc. is a corporation organized and existing under the laws of the State of Delaware, maintaining its principal place of business in the State of California.

3. Defendant Alaska Airlines, Inc. is a corporation organized and existing under the laws of the State of Alaska, maintaining its principal place of business in the State of Washington. Alaska Airlines is registered to do business in the State of California and is engaged in business within the County of Orange. Upon information and belief, Virgin America merged with Alaska Airlines.

4. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5. At all relevant times as alleged herein, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Defendant, together with any DOE Defendants, are collectively referred to hereinafter as "Defendant" or "Defendants").

## FACTUAL BACKGROUND

6. On September 30, 2016, Plaintiff traveled from Fort Lauderdale, Florida to Los

Angeles, California on board a Virgin America flight.

7. Due to her disability, Plaintiff purchased two seats for herself, and a third seat for her brother who accompanied her on the flight.

8. When booking her flight, Plaintiff notified Defendants of her disability and requested seats in the bulkhead row or another seat that provides greater legroom than other seats. Defendants' reservation agent informed Plaintiff that at that moment there were no open seats in the bulkhead row. The agent told Plaintiff that to secure the booking she would be assigned to seats in row 14 but that she would be reassigned to bulkhead seats upon boarding. Plaintiff spoke with several other reservations agents who assured Plaintiff that passenger seating would be rearranged upon boarding the flight to accommodate Plaintiff's disability and that "they will work it out." Plaintiff booked with Defendants based on Defendants' representations that she would be reassigned to a bulkhead seat to accommodate her disability.

9. On September 30, 2018, Plaintiff arrived at the Fort Lauderdale-Hollywood International Airport for her flight to Los Angeles International Airport. Plaintiff's brother assisted her in moving through the airport but Plaintiff required assistance from a female escort to use the restroom prior to boarding the flight. It took some time for Defendants to coordinate the arrival of an escort. When the escort finally arrived she informed Plaintiff that Defendants' gate agents decided to close the doors to the plane nine minutes early so there was not enough time to escort Plaintiff to the restroom. The escort assured Plaintiff that there was an accessible restroom on board the plane; specifically, that there were two adjacent restrooms that could be opened up to create one restroom large enough to accommodate Plaintiff and a wheelchair or a helper.

10. When Plaintiff boarded the flight and inquired about her seat reassignment, Defendants' flight attendants informed Plaintiff that on that aircraft the bulkhead row is also the exit row, and exit row seating restrictions prohibit her from sitting in an exit row seat. The flight attendant told Plaintiff that Defendants' agents made promises to Plaintiff they were not able to keep.

11. The only other seats available to meet Plaintiff's needs were in first class; however, the flight attendants were unwilling to move Plaintiff to a first class seat. Defendants' flight attendants chose instead to humiliate Plaintiff by forcing her to struggle to her seats at the back of the

COMPLAINT
3

plane. Passengers seated in aisle seats were forced to stand to facilitate Plaintiff's efforts to move down the aisle. Plaintiff was crying in observable pain and emotional suffering. She had trouble breathing and had to stop every few steps to catch her breath.

12. Defendants' agents knew the kind of aircraft that would be used for Plaintiff's flight and the seating map for that aircraft at the time Plaintiff booked her flight. Defendants' agents were well aware that they would be unable to provide Plaintiff with a seat that accommodates her disability. Defendants mislead Plaintiff to believe that Defendants would reassign Plaintiff to bulkhead seats with legroom sufficient to meet her needs. Plaintiff suffered from immense pain and mental anguish both during and after the flight as a result of the insufficient seating arrangement.

13. Plaintiff was also unable to access the restroom facilities on the aircraft. While the restroom itself may be large enough to accommodate a disabled passenger and a wheelchair or helper, in order to enter the restroom passengers must pass through two narrow doorways that are only 17" and 19" wide, respectively, and several inches more narrow than the aircraft's aisle way. Consequently, Plaintiff was physically unable to move through the narrow space to access the restroom facilities. Plaintiff experienced extreme emotional distress and physical pain as a result of being denied access to a restroom for the duration of the six-hour flight.

14. The seats on Defendants' aircraft average 17 inches wide in coach. Defendants require passengers who are unable to fit comfortably in their seat with both armrests down to purchase two seats (which Plaintiff did). Defendants knew by virtue of their "second seat policy" that disabled passengers, such as Plaintiff, who are unable to fit within a 17 inch wide seat would likewise be unable to fit through a 17 inch entryway to access the restroom facilities.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

## (CALIFORNIA CIVIL CODE § 51 et seq.)

### (By Plaintiff Against All Defendants)

15. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above as though fully set forth herein.

16. The Unruh Civil Rights Act guarantees equal access for people with disabilities to the

accommodations, advantages, facilities, privileges, and services of all business establishments of any kind whatsoever. Cal. Civ. Code § 51(b).

17. Defendants are "business establishments" within the meaning of California Civil Code §§ 51, et seq. On board restrooms are an accommodation, advantage, privilege and/or facility provided by Defendants that are inaccessible to disabled patrons. This inaccessibility denies disabled persons full and equal access to the accommodations, advantages, facilities, privileges, and services that Defendants make available to the non-disabled public. Defendants are violating the Unruh Civil Rights Act, in that Defendants are denying disabled customers the accommodations, advantages, facilities and/or privileges provided by in flight restroom and seating facilities. These violations are ongoing.

18. Defendants' actions constitute intentional discrimination against Plaintiff on the basis of a disability in violation of the Unruh Civil Rights Act, in that: Defendants offer restroom and seating facilities that are inaccessible to Plaintiff; and has failed to take actions to correct these barriers even though it is aware of the discrimination that such barriers cause.

19. Defendants are also violating the Unruh Civil Rights Act because the conduct alleged herein violates various provisions of the ADA, 42 U.S.C. § 12101 *et seq.*, as set forth above. Cal. Civ. Code § 51(f).

20. The actions of Defendants violate Unruh Civil Rights Act and Plaintiff is therefore entitled to injunctive relief pursuant to California Civil Code § 52(c) requiring Defendants to remedy the discrimination.

21. Plaintiff is entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

22. Plaintiff is also entitled to reasonable attorneys' fees and costs.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

### (CALIFORNIA CIVIL CODE §§ 54-54.3.)

#### (By Plaintiff Against All Defendants)

23. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above as

though fully set forth herein.

24. California Civil Code §§ 54-54.3 guarantees, *inter alia*, that persons with disabilities are entitled to full and equal access, as other members of the general public receive, to accommodations, advantages, facilities, and privileges of all "common carriers," "airplanes," and "places of public accommodation." Cal. Civ. Code § 54.1(a)(1).

25. Defendants are common carriers, airplanes, places of public accommodation or other places to which the general public is invited under California Civil Code § 54.1(a)(1).

26. Defendants are violating the rights of disabled persons such as Plaintiff to full and equal access to common carriers, airplanes, places of public accommodation or other places to which the general public is invited under California Civil Code §§ 54-54.3 by denying disabled passengers with full and equal access to the accommodations, advantages, facilities, and privileges of Defendants' airplanes. Defendant is also violating California Civil Code §§ 54-54.3 in that its actions constitute a violation of the ADA.

27. Defendants' discrimination has deterred Plaintiff from attempting to travel on another one of Defendants' flights.

28. Plaintiff seeks declaratory relief based on Defendants' violation of Plaintiff's rights under California Civil Code §§ 54-54.3.

29. Plaintiff is also entitled to statutory minimum damages for each violation of California Civil Code §§ 54-54.3.

30. Plaintiff is also entitled to reasonable attorneys' fees and costs pursuant to California Civil Code § 54.3.

### THIRD CAUSE OF ACTION

### VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973

#### (By Plaintiff Against All Defendants)

31. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above as though fully set forth herein.

32. Section 504 prohibits, *inter alia*, recipients of federal financial assistance from discriminating against individuals with disabilities on the basis of disability by subjecting them to

discrimination, excluding them from participation in, or denying or otherwise limiting them in any benefits, services, programs or activities offered by the recipient.

33. Upon information and belief, Defendants receive federal financial assistance and as such are subject to Section 504, and the federal regulations promulgated thereunder.

34. Defendants have violated Section 504 by failing to operate their benefits, services, programs and/or activities activities in a nondiscriminatory manner; failing to afford individuals with mobility disabilities and who use wheelchairs access to restrooms that are accessible to and usable by individuals with disabilities; and failing to ensure that personnel are trained to properly assist passengers with disabilities.

35. Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a, plaintiffs pray for judgment as set forth below.

36. In doing the acts and omissions alleged herein, Defendants knew or should have known that their conduct was directed to persons with disabilities, and Plaintiff should be entitled to recover treble damages, penalties and/or other such remedies pursuant to California Civil Code § 3345, in addition to remedies set forth above

## FORTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

### (By Plaintiff Against All Defendants)

37. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above as though fully set forth herein.

38. When Plaintiff purchased her tickets from Defendants, Defendants led her to believe that she would be reassigned to a bulkhead seat with increased legroom to accommodate her disability. Plaintiff relief on Defendants promises of a seat reassignment when she purchased her tickets for Defendants' flight.

39. Defendants also led Plaintiff to believe that she would have access to Defendants' restroom facilities. Plaintiff did not insist on using the restroom at the airport prior to boarding the flight because she reasonably believed she would have access to the restroom facilities on board the aircraft.

40. Defendants' misrepresentations caused Plaintiff great distress as well as intense physical pain; the extent of her injuries is presently unknown, and she continues to seek medical relief.

41. Plaintiff seeks damages for the physical and emotional trauma she suffered and continues to suffer, including reimbursement for the medical bills she incurred, as well as all other compensation the court deems just and proper.

## FIFTH CAUSE OF ACTION

## NEGLIGENCE

### (By Plaintiff Against All Defendants)

42. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above as though fully set forth herein.

43. Defendant is a common carrier within the meaning of California Civil Code § 2168. Defendants are entitles that hold themselves out to the public generally and indifferently to transport goods or persons from place to place for profit. Defendants' services are available to the general public and Defendants charge customers standardized fees for airfare and in flight services.

44. As such, Defendants are subject to a heightened duty of care. Defendants must use the highest care and the vigilance of a very cautious person. They must do all that human care, vigilance, and foresight reasonably can do under the circumstances to avoid harm to passengers.

45. Because Defendants were aware of Plaintiff's disability at the time she booked her tickets, Defendants were required to use as much additional care as is reasonably necessary to ensure Plaintiff's safety.

46. Defendants breached their duty of care to Plaintiff by misleading Plaintiff to believe that she would be reassigned to a bulkhead seat on the aircraft, and that she would have access to the restrooms while on board her flight.

47. Defendants' agents knew the kind of aircraft that would be used for Plaintiff's flight and the seating map for that aircraft at the time Plaintiff booked her flight. Defendants' agents knew or should have known that the bulkhead row on that aircraft was also the exit row and, as such, Defendants would be unable to follow through with its promises to reassign Plaintiff to a bulkhead

seat or otherwise accommodate her need for a seat with additional legroom.

48. Defendants knew by virtue of their "second seat policy" that certain disabled passengers, such as Plaintiff, who are unable to fit within a 17 inch wide seat would likewise be unable to fit through a 17 inch entryway to access the restroom facilities. As such, Defendants knew or should have known that Plaintiff would be unable to access the restrooms on the airplane.

49. Plaintiff suffered and continues to suffer extreme emotional distress, physical pain, humiliation, and shame as a result of Defendants' negligence.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (By Plaintiff Against All Defendants)

50. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above as though fully set forth herein.

51. Defendants made intentional misrepresentations of fact to Plaintiff known by Defendant to be false including that Defendants would reassign Plaintiff to a bulkhead seat on the aircraft to accommodate her disability, and that Plaintiff would be able to access the restrooms offered on board the aircraft.

52. Defendants made these representations to Plaintiff despite knowing the seating map for the aircraft would not permit Plaintiff to be seated in the bulkhead row because it was also an emergency exit row. Defendants also knew the circumstances of Plaintiff's disability and that she would be unable to physically fit through the narrow entryway to access the restroom on her aircraft.

53. Defendants false statements were made knowingly, or with a willful, wanton and reckless disregard for the truth, and were intended to deceive and defraud Plaintiff into purchasing her tickets from Defendants.

54. Defendants made these representations with the intent to cause Plaintiff to rely on this false information and induce her into utilizing Defendants' services.

55. Plaintiff actually and reasonably relied on the false facts and misrepresentations provided by Defendants.

56. As a result of Defendants' deliberate misrepresentations of material facts, Plaintiff

experienced extreme emotional distress, physical pain, humiliation, and shame, and suffered and continues to suffer significant damages in an amount to be determined at trial.

## SEVENTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### (By Plaintiff Against All Defendants)

57. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above as though fully set forth herein.

58. Defendants, as common carriers, owed Plaintiff a heightened duty of care. Moreover, because Defendants voluntarily accepted Plaintiff, a disabled person, as a passenger, and were aware of her physical condition, Defendants owed Plaintiff as much additional care as is reasonably necessary to ensure her safety.

59. Defendants knew or should have known that their failure to exercise due care in the performance of their duties to Plaintiff would cause Plaintiff severe emotional distress and physical pain.

60. Defendants' agents knew the kind of aircraft that would be used for Plaintiff's flight and the seating map for that aircraft at the time Plaintiff booked her flight. Defendants' agents knew or should have known that the bulkhead row on that aircraft was also the exit row and, as such, Defendants would be unable to follow through with its promises to reassign Plaintiff to a bulkhead seat or otherwise accommodate her need for a seat with additional legroom.

61. Defendants knew by virtue of their "second seat policy" that certain disabled passengers, such as Plaintiff, who are unable to fit within a 17 inch wide seat would likewise be unable to fit through a 17 inch entryway to access the restroom facilities. As such, Defendants knew or should have known that Plaintiff would be unable to access the restrooms on the airplane and that Plaintiff would be denied access to a restroom for an unreasonable and unhealthy amount of time.

62. The negligent failure of Defendants to fulfill their obligations under applicable laws has caused Plaintiff to suffer physical injuries, and to suffer and continue to suffer, humiliation, anxiety, mental anguish, emotional distress, loss of self-esteem and general damage to personal and social relations.

63. As a result of these injuries, Plaintiff is entitled to damages in an amount to be ascertained according to proof at trial.

## EIGHTH CAUSE OF ACTION
## UNFAIR BUSINESS PRACTICES
## (By Plaintiff Against All Defendants)

64. Plaintiff re-alleges and incorporates by reference all paragraphs alleged above as though fully set forth herein.

65. Defendants engage in business practices, offer goods and services for sale, and advertise their goods and services within the jurisdiction of the State of California. As such, defendants, and each of them, are obligated to comply with the provisions of California statutes prohibiting unfair and deceptive business practices, including the Consumer Legal Remedies Act, California Civil Code §§ 1750 *et seq.*, and the Unfair Business Practices Act, California Business & Professions Code §§ 17200 *et seq.*

66. The Consumer Legal Remedies Act prohibits unfair or deceptive acts or practices intended to result or which do result in the sale of illegal services to consumers within the jurisdiction of the State of California. The Unfair Business Practices Act prohibits unfair or unlawful business practices by any person, firm, corporation or association within the jurisdiction of the State of California.

67. Defendants' conduct as alleged above violates California state statutory prohibitions against unfair and deceptive business practices, as set out in the Consumer Legal Remedies Act and the Unfair Business Practices Act. The conduct of Defendants violates these statutes in that Defendants have represented their services to be available to all members of the general public, when in fact such services are not accessible to individuals with disabilities by reason of Defendants' failure to comply with their legal obligations under federal and state disability civil rights statutes as alleged herein in Plaintiff's claims for relief above, and by reason of Defendants' failure to comply with California public policy favoring the protection of the civil rights of persons with disabilities.

68. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 1780 (available to enforce the Consumer Legal Remedies Act) and the remedies, procedures, and

rights set forth in California Business & Professions Code §§ 17203, 17206, & 17206.1 (available to enforce the Unfair Business Practices Act), Plaintiff prays for judgment as set forth below.

69. In doing the acts and omissions alleged herein, Defendants knew or should have known that their conduct was directed to persons with disabilities, thereby entitling plaintiffs to recover treble damages, penalties and/or other such remedies pursuant to California Civil Code § 3345, in addition to remedies detailed in above

## PRAYER

**WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:**

1. A preliminary and permanent injunction enjoining Defendants from violating the California Civil Code §§ 51-52, California Civil Code §§ 54-54.3, and Section 504 of the Rehabilitation Act of 1973;

2. A preliminary and permanent injunction requiring Defendants to take steps necessary to make Defendants airplanes readily accessible to and useable by disabled individuals;

3. A preliminary and permanent injunction enjoining Defendant from further violations of the UCRA, Civil Code §§ 51 *et seq.* and 54 *et seq.*

4. A declaration that Defendants are owning, maintaining and/or operating their airplanes in a manner which discriminates against disabled persons and which fails to provide access for persons with disabilities in violation of California Civil Code §§ 51-52, California Civil Code §§ 54-54.3, and Section 504 of the Rehabilitation Act of 1973;

5. An award of statutory minimum damages of $4,000 per violation pursuant to § 52(a) of the California Civil Code;

6. For attorneys' fees and costs pursuant to all applicable laws including, without limitation, 42 U.S.C. § 12188, California Civil Code § 52, California Civil Code § 54.3;

7. For an order assessing civil penalties against Defendants pursuant to the Unfair Business Practices Act, California Business & Professions Code §§ 17206 and 17206.1, and a trebling of these penalties pursuant to California Civil Code § 3345;

8. For damages in an amount to be determined by proof, including all applicable statutory damages;

9. For pre-judgment interest to the extent permitted by law; and

10. For such other and further relief as this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully requests a trial by jury on all appropriate issues raised in this Complaint.

Dated: September 27, 2018

MANNING LAW, APC

By: _____
Joseph R. Manning Jr., Esq.

Attorneys for Plaintiff